Hughes v. Ferriman.

---

## H. E. Hughes et al. v. H. C. Ferriman.

1. INSTRUCTIONS—*Not Based upon Evidence in Case, Erroneous.*— An instruction permitting plaintiff to recover on a *quantum meruit* under the common counts, where there is no proof whatever of the value of the services rendered by plaintiff, if any, to defendant, is not based upon any evidence in the case and is erroneous.

Assumpsit.—Common counts. Appeal from the Circuit Court of Richland County; the Hon. EDMUND D. YOUNGBLOOD, Judge presiding. Heard in this court at the February term, 1903. Reversed and remanded. Opinion filed September 10, 1903.

JOHN LYNCH, JR., and R. B. WITCHER, attorneys for appellants.

H. G. MORRIS, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit by appellee, to recover for his services in bringing about, as claimed by him, a consolidation of two electric light companies, doing business in the city of Olney, Illinois, one of which belonged to appellants and was operated by them.

The declaration contains the common counts and one special count. In the latter appellee charged that appellants employed him to perform certain services as their agent and attorney, in bringing about the consolidation of the business of the two electric light plants above mentioned, and that they promised as payment for such services, to deliver to him $1,000 worth of stock, of the value of $1,000, in the new company as consolidated; that appellee performed the services requested of him by appellants and the two companies were consolidated, but that appellants refused to deliver said stock of the new company to him.

There was a plea of non-assumpsit, a trial by jury and a verdict for appellee for $650, for which, a motion for a new trial having been overruled, judgment was entered.

The proof shows that appellee undertook certain negotiations for the purpose of bringing about a consolidation between the two electric light companies; that appellants were willing that a consolidation should be brought about, although they denied that they employed appellee to conduct any such negotiations; that afterward appellee presented to appellant H. E. Hughes, an agreement prepared by him for the consolidation of the old companies, upon a basis apparently satisfactory to appellants; that this agreement was never executed, but afterward the old companies executed an instrument of consolidation, substantially upon the same terms as those provided for in the agreement prepared by appellee. The recovery could not have been had under the special count because that count relied upon the

failure to deliver to appellee $1,000 worth of stock of the new company of the value of $1,000, and no proof was introduced of the value of the stock upon which the verdict could have been based.

Upon the trial the court gave the following instruction on behalf of appellee :

" The plaintiff in this case sues on a special contract alleged to have been made between the plaintiff and defendants and also sues on an account for services and work done and performed by plaintiff for defendants, and if you should find from the evidence that no services were rendered by plaintiff under any special contract with defendants, but should find from the preponderance of the evidence that plaintiff did perform services for the defendants, for which services the defendant either expressly or impliedly agreed to pay him, then you may find for the plaintiff in such sum as you find from the evidence said services were reasonably worth."

This instruction permitted plaintiff to recover on a *quantum meruit* under the common counts. There was, however, no proof whatever of the value of the services, if any, rendered by appellee to appellants. As the instruction above referred to was not based upon any evidence in the case, the court erred in giving it, and the verdict which it authorized can not be sustained.

The judgment of the court below is therefore reversed and the cause remanded.