## H. E. Hughes, et al., v. H. C. Ferriman.

1. VARIANCE—*when, does not exist.* Where a paper is received in evidence, not as the basis of recovery but as evidence tending to show performance, no variance can be said to exist.

2. VALUE OF SERVICES—*when regular per diem charge of attorney does not tend to prove.* Evidence as to the regular *per diem* charges made by an attorney does not tend to prove, nor does it throw any light upon the value of services rendered by him in the matter of negotiating a consolidation of corporate interests.

3. CROSS-EXAMINATION—*when improperly restricted.* Where the suit is for the value of corporate stock and it is testified that such stock was worth par, it is improper to sustain an objection to a question on cross-examination inquiring as to whether such stock has ever paid a dividend.

4. CREDIBILITY OF WITNESSES—*when instruction upon, erroneous.* An instruction upon this subject, as follows: "The jury are instructed that the weight of the evidence is not governed by the number of witnesses alone testifying on the one side or the other of any case. You have the right to give the evidence of all witnesses such weight as you believe from all the facts and circumstances on the trial such evidence is entitled to. You may disregard the testimony of any witness if you believe the witness has testified falsely, and is not corroborated by other credible witnesses in the case. And you may, in weighing the evidence, take into consideration the reasonableness or unreasonableness of the testimony of any witness, his demeanor on the witness stand, his interest in the case, and from all the facts and circumstances in the case give the testimony of each witness such weight as in your opinion it is justly entitled to,"—is erroneous.

Action of assumpsit. Appeal from the Circuit Court of Richland County; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1904. Reversed and remanded. Opinion filed March 17, 1905.

JOHN LYNCH, JR., and FRANK F. NOLEMAN, for appellants.

H. G. MORRIS, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in assumpsit, in the Circuit Court of Richland county, by appellee against appellants, to recover for alleged services in bringing about the consolidation of two electric light companies, in the city of Olney. Trial by jury. Verdict and judgment in favor of appellee for $1,000.

This case was before this court at a former term and is reported in 109 Ill. App. 507.

The special count in the declaration is based upon an alleged contract between appellee and appellants, that appellee should perform certain services for appellants, in the accomplishment of a consolidation of the business of two electric light companies, for which appellants agreed to deliver to him $1,000 of stock, of the value of $1,000. The plea is non assumpsit.

Appellants' first contention is that there is no evidence tending to prove such contract, and that the trial court erred in refusing appellants' motion for a verdict in their favor.

This position is not well taken. We think there is testimony tending to prove a contract as laid in the declaration.

It is next contended that there is a variance between the contract declared on and the contract proven, and in this connection it is insisted that a certain proposed contract for consolidation which appellee prepared and submitted to the proposed consolidating parties for approval, as a consummation of the consolidation and which contained a clause that each party should deliver to appellee $1,000, in stock for his services, and which was never signed or adopted by the parties, constitutes the contract, and that it is different from the one declared on, in this that it is a tripartite agreement, and not an agreement between appellee and appellants as stated in the declaration. This writing was not a contract at all, and was not admitted in evidence as a contract, nor as tending to prove a contract, but as tending to prove performance of the alleged contract.

It is further insisted that the admission of this writing in evidence was error. That it was not relevant or competent for any purpose. It was proper evidence tending to

prove that appellee performed services in pursuance of his undertaking with appellants to effect the proposed consolidation. In this same connection it is urged that the court erred in permitting appellee to give in evidence certain conversations with the president of the other company and others, in the absence of appellants. The evidence was relevant and proper for the same purpose as the other. These conversations were proper steps in the line of performance of his undertaking, and of the same character of evidence was the testimony of Knoph, which counsel assigned as error.

Two witnesses were permitted to testify as experts, and it is insisted that they did not sufficiently qualify. We are of opinion that the trial court did not abuse its discretion in allowing them to testify, and the manner of interrogating them concerning the substance of their testimony was clearly proper, for experts.

The declaration avers that appellee performed services as agent and attorney and he testified that his services were worth $1,000. On cross-examination he was asked, "What do you charge per day as a lawyer?" To this an objection was interposed and sustained. In this there was no error. The *per diem* value of such services as lawyers usually charge by the day for, could throw no true light upon the question as to the value of the character of services claimed to have been performed in this case.

There were many frivolous objections interposed and exceptions taken to the rulings of the trial court as to the admission and rejection of evidence. We have considered them all and find but one material error in that respect. Mr. Knoph while testifying upon another branch of the case from that which his testimony above referred to applies, stated in chief, "that the stock in the new company was worth par at the time of the consolidation, but that it was not good paying stock." He was asked on cross-examination if it had ever paid any dividends. To this question an objection was sustained. This was error. The cash market price of the thousand dollars of stock was of the very essence of appellee's case. He was not suing for the stock but for its

value, and a liberal cross-examination of the witnesses who testified upon this question should have been permitted. It is true the stock might have been worth par at the time of the consolidation, and still, never pay any dividend, but if so that might have been explained. The primary purpose was, not to ascertain what might have been true but to ascertain what probably was true; and a reasonably liberal cross-examination with the right to explain on re-examination is the best means known for the accomplishment of that purpose.

The trial court did not commit any serious error in its rulings upon any of the instructions complained of, except in the giving of the seventh instruction, given on behalf of appellee. The instruction is as follows:

"No. 7. The jury are instructed that the weight of the evidence is not govererned by the number of witnesses alone testifying on the one side or the other of the case. You have the right to give the evidence of all witnesses such weight as you believe from all the facts and circumstances on the trial such evidence is entitled to. You may disregard the testimony of any witness if you believe the witness has testified falsely; and is not corroborated by other credible witnesses in the case. And you may, in weighing the evidence, take into consideration the reasonableness or unreasonableness of the testimony of any witness, his demeanor on the witness stand, his interest in the case, and from all the facts and circumstances in the case give the testimony of each witness such weight as in your opinion it is justly entitled to."

The vice in this instruction is in the clause: "You may disregard the testimony of any witness if you believe the witness has testified falsely, and is not corroborated by other credible witnesses in the case." This has been condemned in this state, almost "times without number." It is needless to cite authority. To warrant a jury in disregarding the testimony of a witness they must believe *from the evidence* that he has *wilfully and knowingly* testified falsely, as to *some matter or fact material in the case*, and then he may be corroborated by other credible *evidence* in the case.

Not necessarily by the oral statements of witnesses, for there may be other credible corroborating evidence besides that of "witnesses." And further one corroborating witness is sufficient. The plural word "witnesses" should never be used, alone, in this connection.

For the errors above noted the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*